## MARSHALL et al. v. CITY OF DALLAS et al. (No. 9081.)

(Court of Civil Appeals of Texas. Dallas. June 23, 1923. Rehearing Denied June 30, 1923.)

**I. Appeal and error ⬅440—Trial court's jurisdiction to act on plea of intervention defeated by filing of appeal bond.**

The jurisdiction of the trial court to act on a plea of intervention after judgment is defeated by the filing of an appeal bond.

**2. Appeal and error ⬅917(1)—Facts alleged in petition, to which general demurrer was sustained, taken as true.**

Where a general demurrer to the petition was sustained, all facts alleged therein must be taken as true on appeal.

**3. Injunction ⬅118(3)—Petition held sufficient to support petitioners' contention against defendants' right as to business buildings in residential district.**

Petition, in a suit to enjoin a city from issuing building permits for the erection of retail stores and filling stations in residential districts and to restrain citizens granted permits from erecting such buildings, *held* sufficient to support plaintiffs' contention that such citizens had no right to so use their property as to work damage to a nearby property owner, though their use thereof was lawful.

**4. Nuisance ⬅5—Lawful use of property not actionable.**

Damages cannot be recovered for diminution in value of property by reason of the lawful use of nearby property by its owner, if no public or private nuisance is created.

**5. Injunction ⬅12—Does not lie if no damages are recoverable.**

No right of injunction exists if no damages are recoverable by plaintiff.

**6. Municipal corporations ⬅621—City of Dallas cannot refuse building permits for construction of retail stores and filling stations in residential districts.**

The city of Dallas cannot refuse building permits for the construction of retail stores or oil and gas filling stations in residential districts, and one seeking such a permit may compel the city to grant it.

**7. Municipal corporations ⬅601—Owner of lot in residential section may erect retail store or filling station thereon.**

The owner of an unrestricted fee-simple title to a lot in a residential section of the city of Dallas may lawfully erect and conduct a retail store or gas and oil filling station thereon.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by Allen F. Marshall and others against the City of Dallas and others. From a judgment dissolving a temporary injunction and dismissing the suit, plaintiffs appeal. Affirmed, and order of suspension pending appeal vacated.

Clark & Clark and Lafayette Fitzhugh, all of Dallas, for appellants.

Thomas, Frank, Milam & Touchstone, and Read, Lowrance & Bates, all of Dallas, for appellees.

JONES, C. J. Appellants, who are composed of 29 resident citizens of the city of Dallas, instituted this suit against appellees, the city of Dallas and 10 citizens of the city of Dallas, seeking an injunction against the city of Dallas and certain of its officials restraining the issuing of building permits for the erection of buildings to be used as retail stores and oil and gas filling stations, in those districts in the city of Dallas that are residential districts and far removed from the business portion of the city of Dallas; also restraining the 10 citizens defendant from using the building permits which had theretofore been granted them, and from the erection, or attempted erection, of the buildings authorized by said permits. Appellants also prayed for the issuance of a temporary writ of injunction with the same restraining power pending the trial of the suit upon its merits. Appellants instituted the suit not only in behalf of themselves as individual property owners and taxpayers in the city of Dallas, but also in behalf of all other citizens of Dallas similarly situated as themselves in respect to the subject-matter of the suit. Upon presentation to the court in chambers of the petition properly verified, a temporary restraining writ was granted as prayed for, upon the condition that petitioners file a bond in the sum of $1,000. Such bond was approved and filed and the temporary writ of injunction issued. The clerk was directed to issue notice to appellees to be and appear before the court upon a fixed date "to show cause, if any, why said temporary restraining order should be dissolved."

Appellees, in response to said notice, made their appearance on the day named and each filed answer which challenged by demurrer the sufficiency of the petition as to its stating a cause of action, and, also, some of appellees also pleaded a misjoinder of causes and parties. The court sustained a general demurrer to appellants' petition and, on appellants declining to amend, entered an order dismissing the case from the docket. Judg-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment was accordingly entered dissolving the temporary injunction and dismissing the suit from the docket, to which order appellants duly reserved their exceptions and gave notice of appeal to this court. The judgment, however, contained the following order:

"It is further ordered, adjudged, and decreed by the court that upon the plaintiffs filing their appeal bond herein, for the sum of $5,000, within the time and payable and conditioned as required by law, that the above and foregoing order be and it is hereby suspended and shall not go into effect while this suit is pending in the appellate courts."

To this ruling appellees duly entered their exceptions. The appeal bond in the amount named and conditioned as required was filed by appellants, and the order dissolving the temporary writ of injunction and dismissing the suit was suspended. The appeal bond was filed May 22, 1923.

[1] Just previous to the filing of the appeal bond, and on the same day, E. S. Burns filed a plea of intervention in the case objecting to the restraining order pending the appeal, authorized by the judgment of the court, in so far as it restrained the city of Dallas from issuing permits to parties not named as defendants and who would want to secure permits for the erection of houses remote from any property owned by appellants. Before the court acted on this plea of intervention, the appeal bond was filed, and the jurisdiction of the trial court to act on this plea was thereby defeated. Burns was one of the parties named in the petition as being one of the 26 persons to whom the city of Dallas intended to grant a permit for a business building in a residential section of the city.

[2] As a general demurrer was sustained to the petition, all matters alleged therein as facts must be taken as true.

[3] Briefly, appellants allege that they are resident property owners and taxpayers in the city of Dallas, and that each of them owns property within a radius of 800 feet of at least one of the lots to the owner of which the city of Dallas has granted, or is contemplating granting, a permit for the erection of a business building on his property, and that each contemplates the immediate erection of such business building; that the city of Dallas is about to grant 26 more such permits to certain enumerated parties not named as defendants for the erection of such buildings in strictly resident sections of the city; that the granting of these permits by the city of Dallas was wrongful, unlawful, and without any authority; that the property owned by appellants and affected by the granting of said permits is situated in those sections of the city long and exclusively devoted to residential purposes, and for which purposes it has become highly developed; that their said property is too far removed from the business centers of the city ever to become valuable as business property, and that the result to appellants of granting the permits and the erection of the business houses at the various places named would be to transform their highly developed and valuable residence property into second-class and cheap residence property, without giving it any value as business property; and that thereby appellants would be damaged in the sum of many thousand dollars, amounting to at least 25 per cent. of the value of their property; that there are other citizens of Dallas, similarly situated, with property similarly affected by the policy of the city in granting permits in residential sections, who would suffer damages of the same character and to the same extent appellants would, and that the suit was brought for such other residents of Dallas as well as for themselves.

It is further alleged that the course pursued by the city of Dallas in granting the permits for the erection of such business houses in the said residential districts, and the course adopted by the other appellees herein in their determination to erect said business houses and to devote them to such business as "corner stores" and gasoline stations, and the consequent damages thereby inflicted on appellants, is in violation of section 17 of article 1, of our state Constitution, and of section 19 of said article; and also in violation of article 5 and section 1 of article 14 of the amendments to the federal Constitution. It was also alleged that the city of Dallas is wholly without authority and power to grant the said permits, in that the ordinance authorizing the granting of such permits had been declared void by the decisions of the higher courts of this state.

The allegations in the respects mentioned are very full and complete, even to the extent of quoting the sections of the state and federal Constitutions and specifying a number of decisions from the higher courts of this state which are claimed as authority to show the want of power resting in the city of Dallas to grant the said business permits. There are, however, no allegations that would show, or tend to show, that those to whom permits were either granted, or it was contemplated would be granted, would conduct a business in a manner so as to constitute it a nuisance, either public or private. In fact, the broad contention is made by appellants in their brief that they do not claim that any of the business houses contemplated to be erected by appellees, or any business conducted therein, would be such as the law could denominate a nuisance, but they base their contention solely on the fact that appellees have no right so to use their property as to work a damage to a nearby property owner, even though the use made of the property be a lawful one. The allegations in their petition are ample to support this contention, and the only issue for this court to de-

termine is whether such allegations form a basis for the relief sought.

[4, 5] It has not infrequently happened that the lawful use of one's property was not only disagreeable to his neighbor, but also tended to diminsh the value of the neighbor's property, for which reason the question raised by appellants is by no means a new question in this state. The law in reference to it has been long since settled against the contention of appellants. There is no clearer rule in this state than that, if there be no public or private nuisance created in the use of property, no recovery of damages can be allowed for the diminution in value of the property by reason of the lawful use of such property made by a nearby owner. It is true that it is frequently said in a discussion of the mutual rights of adjoining property owners that each person has the right to use his property as he chooses, provided in such use he does not harm his neighbor. Appellants seem to construe this, and other similar expressions used in judicial decisions, to mean that the person first in possession of property can prevent any use by subsequent and nearby property owners of their property, where that use, though in every respect lawful, might be such as would lessen the market value of his property. No such meaning is intended by such expressions, and they are not subject to such construction. The harm or damage of another referred to in said expressions is that which comes from the unlawful use of property and not from its lawful use. Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387; City of Dallas v. Mitchell (Tex. Civ. App.) 245 S. W. 944; City of Dallas v. Burns (Tex. Civ. App.) 250 S. W. 717; Sherman Gas & Elec. Co. v. Belden, 103 Tex. 61, 123 S. W. 119, 27 L. R. A. (N. S.) 237; Miller v. Dickinson (Tex. Civ. App.) 236 S. W. 1015; Sanders v. Miller, 52 Tex. Civ. App. 372, 113 S. W. 996; Robinson v. Dale, 62 Tex. Civ. App. 277, 131 S. W. 309; Worm v. Wood (Tex. Civ. App.) 223 S. W. 1017; Von Hatzfeld v. Neece (Tex. Civ. App.) 223 S. W. 1034; Dickson v. Barr (Tex. Civ. App.) 235 S. W. 446. If no damages are recoverable by appellants, then, of course, no right of injunction exists.

[6, 7] In the recent cases of City of Dallas v. Mitchell, 245 S. W. 944, supra, City of Dallas v. Burns, 250 S. W. 717, supra, and City of Dallas v. McElroy, 254 S. W. ——, this court decided that the city of Dallas was without power to refuse to grant a building permit for the construction of a retail store in residential districts, and in the first two cases the Supreme Court refused a writ of error. In granting the 10 permits in the instant case, the city of Dallas was only doing that which this court said it had no power .to refuse to do; not only that, but was only doing that which

this court said the one seeking the permit had the absolute right to compel the city to do. The decisions in these cases are based upon the previous decisions of the Supreme Court of this state in the case of Spann v. City of Dallas, supra. These cases announce the law governing the city of Dallas in its action in granting the said permits. These cases also announce the doctrine in clear and unequivocal terms that an owner who has an unrestricted fee simple title to a lot in a residential section of the city has the unquestioned right to make the lawful use of his property for business purposes that appellees contemplate making of their property in this case. To allow this injunction would be to deny to them this right and to ingraft on their· title a restriction not made by· their grantors.

The right of appellees to do the acts appellants sought to prevent by injunction being plain and unequivocal, the lower court did not err in, sustaining a demurrer to the petition dissolving the injunction and, on appellants' refusal to amend, in dismissing the case. The judgment in this respect is affirmed, and the order of the trial court suspending such judgment pending the appeal is vacated.

Affirmed.