### CITY OF DALLAS v. LAWLER et al. *
(No. 9648.)

(Court of Civil Appeals of Texas. Dallas. July 3, 1926. Rehearing Denied Oct. 16, 1926.)

1. **Eminent domain** ⬤⟹113—**City's erection of fire station causing depreciation of surrounding real estate values held not to damage adjacent owner within Constitution (Const. art. 1, § 17).**

Where city, by constructing fire station, caused depreciation in value of realty in neighborhood, damage to adjacent landowner *held* not within Const. art. 1, § 17, which requires that damage be peculiar to property in question.

2. **Eminent domain** ⬤⟹113—**Erection of fire station held not to subject city to damage suit for property depreciation, which would not lie against individuals (Const. art. 1, § 17).**

City, by building fire station which caused depreciation in land values of neighborhood, was no more liable in damage suits therefrom than individual would be, no nuisance or special injury cause having been created, and therefore no damage was recoverable under Const. art. 1, § 17.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Action by A. A. Lawler and others against the City of Dallas. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

J. J. Collins, Allen Charlton, and Hugh S. Grady, all of Dallas, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellees.

LOONEY, J. The city of Dallas owned a lot adjacent to the homestead of appellees, and erected and maintained thereon a two-story brick fire station. Appellees brought this suit for damages to their property occasioned by the erection of the fire station. In response to special issues, the jury found that the property of appellees was injured and depreciated in its market value to the extent of $650, which, with interest, amounted to the sum of $1,079, for which judgment was rendered against appellant. The evidence, in our opinion, justified this finding.

In addition, the evidence showed that the injury to the property of appellees was of ·a general ₊or community, rather than of a special, nature; that is to say, it appeared that' other property in the neighborhood was injured in like manner and from the same cause, but was damaged in varying degrees, depending on proximity to the fire station.

It was not contended below, nor is it contended here, that the fire station as maintained was a nuisance, nor that the property or any right appurtenant thereto was affected by noise, smoke, vibration, or otherwise;₊, the contention being simply that the erection and maintenance of the fire station caused a depreciation in the market value of the property. Appellant, by appropriate assignments, challenges the correctness of the judgment.

[1] The decision of the case turns on the meaning of the word "damaged" as used in section 17 of article 1 of the Constitution as follows:

"No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person. * * .* "

This provision of the Constitution has heretofore been construed by the Supreme Court, and the term in question defined so clearly that it may now be correctly said that, wherever a legally authorized public work is constructed, such as the fire station in question, and an injury is thereby inflicted on property of a nature common to all other property in the same neighborhood, the damage resulting is consequential and not actionable; in other words, property subjected to ⸱such conditions is not "damaged" within the meaning of the Constitution.

In such cases it is held that the only question to be determined is whether the injury complained of is peculiar to the property in question, or is an injury suffered in common with other property in the same section. If the injury is of the former nature, the property is damaged within the meaning of the Constitution; but, if of the latter, it is not, and no cause of action exists. The Supreme Court, in the case of Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Tex. 467 (470), con-

---

·struing the provision of the Constitution un-·der consideration, said:

"The word 'damaged' is evidently used in the ·sense in which the word 'injured' is ordinarily understood. By damage is meant 'every loss or ·diminution of .what is a man's own, occasioned ·by the fault of another,' whether this results directly to the thing owned, or be but an inter- ference with the right which the owner has to the legal and proper use of his own. If by the construction of a railway or other public work an injury peculiar to a given property be in- flicted upon it, or its owner be deprived of its legal and proper. use, or of any right therein or thereto; ᵢ that is, if an injury, not suffered by that particular property or right only in com- mon with other property or rights in.the same community or section, by reason of the gen- eral fact that the public work exists, be in- flicted, then such property may be said to be damaged."     .

· Also in Fort Worth Improvement District No. 1 v. City of Fort Worth, 106 Tex. 148, 157, 158, 158 S. W. 164, 168, 169, 48 L. R. A. (N. S.) 994, the Supreme Court, to the same effect, said:

"In the construction of legally authorized public works, it is inevitable that benefits will accrue to the property of some persons and in- jury result to that of others. If the injury that thus results from the improvement be only of such nature as is suffered from that cause in common with other property in the same com- munity or section, the damages thus accruing are deemed merely consequential, and no right of action exists. In such cases, it is not con- sidered that the property is 'damaged' within the contemplation of the constitutional provi- sion, and the right of compensation is denied."

Again the court said:

"The question in all such cases is resolved by determining whether the injury is peculiar to the property in question, or is only such as is suffered from the same cause in common with other property in the same section or commu- nity; that is, whether the property is 'dam- aged' in the true sense of the constitutional provision."     ·

Accordingly, we hold that, in view of the fact that the property of appellees suffered a depreciation in its market value from an injury common to all property in the same section, it was not damaged within the mean- ing of the Constitution, and no cause of ac- tion existed in favor of appellees against the city.

[2] There is still another view of this sub- ject fatal to the contention of appellees. The Supreme Court, in Texas & S. Ry. Co. v.˙ Meadows, 73 Tex. 32, 11 S. W. 145, 3 L. R. A. 565, and in Galveston H. & W. Ry. Co. v. Hall, 78 Tex. 173, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42, held that it. was not the purpose of the constitutional provi- sion under consideration to give a cause of action against cities, towns, or others con- structing public works, for acts which if done by persons in the pursuit of a private enter-

prise would not have been actionable. This' leads to the inquiry: Would a person in the pursuit of a private enterprise render him- self liable in damages under the facts and' circumstances of this case? We do not think so.

It frequently occurs that the lawful use of property by the owner is not only dis- tasteful to his neighbors, but actually dimin- ishes the market value of their property. Especially is this true in cities and towns due to the. crowded conditions under which people must exist. Unless the owner, by the unlawful use of his property, creates a nui- sance, or otherwise injures property of an- other, or some right appurtenant thereto, no cause of action exists, and no recovery can be had. Marshall v. City of Dallas (Tex. Civ. App.) 253 S. W. 887.     '

The cases based on the provision of the Constitution in question, relied on by appel- lees, have been carefully considered, but, in our opinion, are not in· point, in that in each there is found an element of peculiar damage to property or property rights justifying a recovery; whereas, in the case at bar, the ground of recovery is based altogether on an injury common to all other property in the same section, and therefore not recover- able within the meaning of the Constitution.

We are therefore of the opinion that .ap- pellant's assignments are well taken, and should be sustained; that the judgment be- low should be reversed, and judgment here rendered for appellant.

Reversed and rendered.

### On Motion for Rehearing.

In the original opinion in this cause, among other conclusions, we announced the follow- ing:

"The evidence shows that the injury to the property of appellees was of a general or com- munity rather than of a specific nature; that is to say, it appeared that other property in the neighborhood was injured in like manner and from the same cause, but was damaged in va- rying degrees, depending upon proximity to the fire station."

The correctness of this conclusion is chal- lenged by appellees. In their motion for re- hearing they say:     .

"The court erred in holding and stating that the damage sued for by the appellees was of a . general or community nature rather than of a special nature, and that the ·facts in the case show that other property in the neighborhood was damaged in the same manner and from the same cause as assigned by the appellees, be- cause there is no testimony of any nature what- ever to the effect that any other property sus- tained any damage."

In the statement of facts, we find the tes- timony of J. Edgar Finley, formerly a land agent of the city of Dallas, well acquainted with the property, and at one time an agent

for its sale, having testified as to its value both before and after the erection of the fire station, said:

"I believe that the property in the whole neighborhood would be affected somewhat in the same manner, but not in the same degree, as Mr. Lawler's lot, because it adjoins the side of the fire station. Property in the same neighborhood will be affected in the same manner, but not in the same degree; Mr. Lawler being situated on the adjoining lot to be affected to a much greater degree than the other property in the neighborhood."

The conclusion, the correctness of which is challenged by appellees, was in our opinion justified by the evidence just recited, but aside from this it appears that the claim of appellees relates alone to the liability of appellant for depreciation in the market value of their property caused by the mere erection and operation of a fire station. There was no contention that a nuisance was created by the erection and operation of the fire station, nor was there any complaint of negligence on the part of the city in the location, erection, or operation of same, the claim being for depreciation in market value caused solely and alone by the erection and operation of the fire station. The conclusion is therefore inescapable that the injury to the property, if any, was a general or community, rather than of a special, nature, and just such as was suffered by other property in the neighborhood, due to the undesirability of being near the fire station.

The motion for rehearing is overruled.