## WOODS v. KIERSKY. (No. 10082.)*

Court of Civil Appeals of Texas. Dallas.
May 28, 1927.

Rehearing Denied July 9, 1927.

1. **Injunction** ⊙→175—**Pleading** ⊙→216(2)—General demurrer and motion to dissolve injunction would be considered as directed against amended petition thereafter filed.

General demurrer and motion to dissolve injunction would be considered as directed against amended petition thereafter filed, since the amended petition superseded the original, and related back to its date of filing.

2. **Injunction** ⊙→11—Injunction will not be granted to restrain adjoining lot owner from constructing garage, on ground future use will be nuisance.

Injunction will not be granted on application of adjoining property owner to restrain owner of city lot from exercising legal right to construct a garage for four automobiles and servants' quarters, on ground that future use will be a nuisance by reason of boisterous and unclean servants and noise of automobiles.

3. **Municipal corporations** ⊙→621—Whether proposed garage would violate ordinance held primarily for city to determine.

Whether erection of a proposed private garage and servants' quarters in proximity to adjoining lot owner's house, near the center of lot, and fronting toward a side street, would violate ordinances of city of Dallas, is primarily for the city to determine; since city has primary duty to construe and enforce its building ordinances.

4. **Municipal corporations** ⊙→621—Proposed private garage held not to violate building ordinances.

Construction of proposed building for private garage and servants' quarters fronting on side street and near center of lot *held* not to violate ordinances of Dallas which require frontage to conform to plat and private garages to be at rear.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by John W. Woods against Mrs. M. E. Kiersky. From a judgment dismissing the case after a demurrer was sustained, the plaintiff appeals. Affirmed.

Sadler & Cox, of Dallas, for appellant.

Coke & Coke and Thos. G. Murnane, all of Dallas, for appellee.

JONES, C. J. This is an injunction suit filed in the district court of Dallas county by appellant, John W. Woods, to restrain appellee, Mrs. M. E. Kiersky, from erecting a building on a lot owned by her and situated at the corner of Gaston avenue and Moreland street in the city of Dallas. There was a prayer for a temporary writ of injunction, and, on the presentation of the petition, such temporary writ was issued. Appellee filed an answer to the merits, and also a motion to dissolve. Upon the hearing of this motion, the court sustained a general demurrer presented therewith, and, on appellant's refusal to amend, dismissed the case.

[1] After the answer to the merits and the motion to dissolve had been filed, appellant amended his petition, alleging more in detail his cause of action as stated in his original petition, and alleging other grounds for injunctive relief. As this amended petition superseded the original petition, and related back to the date of its filing, the demurrer and motion to dissolve must be considered as directed against the amended petition and not the original petition. This amended petition discloses the following state of facts on which the right to injunctive relief is based:

Appellant owns a lot fronting 75 feet on Gaston avenue and extending back 257 feet. On this lot he has constructed a large two-story brick building, designed for the residence of himself and family, and for apartments to be rented to others. Gaston avenue will be considered as running east and west. Appellee is the owner of a lot fronting 75 feet on Gaston avenue and extending back 257 feet, adjoining appellant's lot on the east. The east line of appellee's lot is the west line of Moreland street, which will be considered as running north and south. There is on appellee's lot a large, two-story frame house, used as her home and as rooms or apartments for others. There was a combination garage and servant's house in the rear of appellee's lot used by her for the purposes usual to such structures. Before the filing of this suit, appellee determined to change the location and enlarge this servant's house re-erecting same near the center of her lot, when measured from its north and south boundary lines, and cause same to front on Moreland street. The structure contemplated consists of a two-story building 24x40 feet, the rear wall being two feet from appellant's east property line, and the building when constructed will be within 20 feet of a portion of appellant's house. This new building is designed to accommodate four or more automobiles on the lower floor and to contain four or more rooms for serv-

---

ants on the upper floor. It is intended that these upper rooms will be occupied exclusively by negro servants. Those occupying the upper rooms of this contemplated building can look into some of the rooms of appellant's house. It is alleged that loud and boisterous conversation will continually be carried on at night by the occupants of these upper rooms; that they will be coming and going during the greater part of the night and create much disturbance thereby; that they will be uncleanly in their habits and in the manner in which they will use and keep the rooms; that automobiles will be coming and going during much of the time, both day and night, from the garage portion of said house, and will thus create a great deal of noise and disturbance; that the contemplated construction will greatly increase the fire hazard of appellant's house; and that, by reason of all these facts, appellant and the other occupants of his house will be subjected to continual disturbance and annoyance; and that it will be practically impossible for appellant to secure desirable tenants for his apartments.

A building ordinance, duly enacted by the city of Dallas, and in force at the time, is set out in the petition. That portion of said ordinance bearing upon the issues of this case is as follows:

"That wherever any lots are laid off by any plat showing a frontage for said lots on any street or avenue in the residence section of the city, all buildings erected on same shall keep their frontage on said street or avenue, so as to conform to the frontage of the lots shown on any such plat."

A preceding portion of the ordinance fixes a building line from said street on which the lot fronts, and requires all buildings to be erected in conformity with this line. Another section of said ordinance provides that, before any building is constructed, a permit shall be obtained from the building inspector of the city of Dallas, and the building inspector is directed not to issue the permit, unless the provisions of this ordinance are observed. Another ordinance provides that—

"All private garages shall be built at the rear of the lot upon which they are erected and at the angle of the lot. No such garage shall be nearer than twelve feet to the street line."

It is alleged that the contemplated structure violates these ordinances by the frontage on Moreland street and by the location near the center of the lot instead of at its rear.

Appellee's conveyance shows that her lot fronts on Gaston avenue. It is a clear inference from appellant's petition that appellee intends the construction of another building on her lot north of the contemplated building to be used as an apartment house, and that appellant's house now fronting on Gaston avenue and the house to be constructed in the rear will use the contemplated building in common for garages and living quarters for servants.

It is also alleged that, by reason of the facts alleged, if appellee be permitted to complete the contemplated construction, the value of appellant's property will be substantially decreased, and his rental income substantially lessened. It is also alleged that appellee cannot be made to respond in damages, and that there is available to appellant no adequate remedy at law.

The petition also contains allegations in reference to the conduct and manner of living heretofore by appellee and by those who occupied her house; that frequent disturbances have occurred at night at said house by reason of the use of loud, profane, and vociferous language, and that upon one occasion the police had to be called to quell a disturbance and stop a fight among those who were assembled at appellee's home; that the law has been violated at other times in the past, in that intoxicating liquors have been dispensed at her home either by appellee or with her knowledge; and that a great many people and vehicles come and go at said place at night.

[2] The injunction sought is not to be directed against this alleged disorderly conduct. No relief is sought in this suit against appellee by reason of any past acts alleged to have been committed by her or on her premises, but the only relief sought is that she be enjoined from erecting a building designed to be used as a private garage and as quarters for servants. This is a lawful purpose and the exercise of a legal right. Allegations that its future use will be out of the ordinary use of such structures, and will be such that will cause it to become a nuisance, will not warrant the issuance of an injunction. Unless appellant is entitled to an injunction to prevent the construction of this building by reason of the alleged violation of the city ordinance above quoted, there was no error in the action of the court in sustaining a general demurrer. Dallas Land & Loan Co. v. Garrett (Tex. Civ. App.) 276 S. W. 471; Lancaster v. Harwood (Tex. Civ. App.) 245 S. W. 755; Marshall et al. v. City of Dallas et al. (Tex. Civ. App.) 253 S. W. 887, and authorities cited in the last-named case.

[3, 4] It is the duty of the city of Dallas primarily to construe and enforce its building ordinances. This it must do when a permit to erect a contemplated structure within the city is applied for. In the instant case, as shown by the petition, the permit was applied for and issued, and the city and its agents in charge of this branch of its government determined by such act that the contemplated building would not offend against any city ordinance. In fact, in view of the decision in the case of City of Dal-

las v. Davis (Tex. Civ. App.) 266 S. W. 544, no other construction could have been placed on this ordinance. This last case construes that portion of said ordinance which requires all buildings to face on the street on which the lot faces to have reference only to main structures, and not to those placed in the rear of main structures and merely subsidiary buildings for the use of the main building. We are of the opinion that no violation of any city ordinance would result by the construction of the building.

We are of the opinion that the petition, while full and complete in its allegations of the facts relied upon, is not sufficient to present a case calling for injunctive relief and that the trial court did not err in sustaining the general demurrer to said petition. Appellant having in open court stated his refusal to amend his petition, and an injunction being the only relief sought, it was not error for the court to dismiss appellant's suit. The injunction granted by this court is dissolved, and the judgment of the lower court affirmed.