TENEHA OIL COMPANY, Appellant,

v.

W. A. BLOUNT, Appellee.

No. 6625.

Court of Civil Appeals of Texas.

Beaumont.

May 9, 1963.

Joe Davis Foster, Center, for appellant.

Richard McDaniel, Center, for appellee.

McNEILL, Justice.

The action was instituted by appellant in a district court to recover upon an open account for goods, wares and merchandise sold to appellee. In defense appellee pleaded in bar the two year statute of limitations, Art. 5526, Vernon's Ann.Civ.St. Thereupon appellant filed its first amended original petition again pleading said account, but alleging that said merchandise was consigned to appellee, and that appellee received such merchandise and promised and agreed to sell the same for appellant, and to account to it therefor and pay it the proceeds from the sale of such merchandise at the prices agreed to set opposite each item as shown on "Exhibit A" attached to and made a part of the amended petition.

Appellee having filed his motion for summary judgment on the ground that said account was barred by the two year statute of limitation and a hearing thereon having been held, the court sustained the motion and decided that the account was barred by limitation and rendered judgment against appellant thereon. The petition also contained a count for a balance of $181.66 due on a check executed by appellee to appellant. After granting summary judgment on the account, the court dismissed the count for $181.66 for want of jurisdiction to hear it.

Appellant asserts that the court was in error in holding the account barred by the two year statute of limitation for the reason that "Exhibit A" was a written contract. This exhibit consists of three forms, all of like import, one of which follows:

**TENEHA OIL CO.**     <u>consignment</u>

Distributor

Skelly Oil Company Products

Telephone 77

Teneha, Texas

Consigned
~~Sold~~ to:    H. D. Carroll Sta.    8/25/1958

Address    Joaquin    Del. To    Same

| Description | Quantity | Price | Price w/Tax |
|---|---|---|---|
| (Here follows list of tires) | (2 of each kind) | (price of each tire) | (price of each tire w/tax)    Total $391.54 |

/s/ W. A. Blount    2/2/59

Received    /s/ Robert B. King        Delivered    /s/ B. M. Bowlin
        /s/ Buck Daw

It is claimed, since the word "sold" was erased from the form used and the word "consigned" written above it, and the word "consignment" written to the right of appellant's name on the form, that this clearly shows the transaction was a consignment and, being in writing, takes it out of the application of Art. 5526 and places it under Art. 5527.

■ We hold that this written statement, whether called a sales slip, consignment slip, or by other name, is not a written contract within the meaning of Art. 5527.

Appellant emphasizes the words "consigned to" and "consignment". But standing alone they offer little help in solving the real, actual relationship existing between two or more persons. As said in In re Wells, 3 Cir., 140 F. 752:

"There is no particular magic in the term 'consigned' or 'consigned account.' In a sense all goods shipped to another are consigned to him. The question is what was the inherent character of the transaction, which depends upon the purpose of it. Were the goods put in the hands of the one party by the other, to be sold for him and on his account, creating the relation of principal and factor; or were they turned over to such party, to be treated and disposed of as his own, being responsible to the other simply for the price?"

In Falls Rubber Co. v. La Fon (Tex.Com. App.), 256 S.W. 577, involving the question whether the contract was one of sale or consignment, it was held that the use of the legal term "agent" was not controlling but the contract as a whole must determine the relationship and, although invoices were sent under the contract stating the goods were "sold to W. E. La Fon", this was of no significance in determining the question. See also 25 Tex.Jur.(2) 212.

When embodied in a full, written contract between merchants, the terms "consigned to" and "consignment" have a definite legal meaning, Charles M. Stieff, Inc. v. City of San Antonio, 130 Tex. 594, 111 S.W.2d 1086. But even so, it is recognized that there are many different classes of and provisions in contracts relating to consigned merchandise, as an examination of the Stieff case above, as well as Falls Rubber Co. v. La Fon (Tex.Com.App.), 256 S.W. 577, and Milburn Manufacturing Co. v. Peak, 89 Tex. 209, 34 S.W. 102, will illustrate.

The test, we think, to be applied in determining whether "Exhibit A" makes a contract in writing between appellee and appellant is found in Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249 at p. 250:

"It is well settled that 'in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute (Art. 5527), the action must be between the immediate parties to the contract, or those for whose benefit it was made, or their privies, and the written instrument relied upon must *itself* contain a contract to do the thing for the nonperformance of which the action is brought.' Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526, 528, writ refused."

Does the instrument presently considered meet this test? Does it contain a contract to do the thing for the nonperformance of which the action is brought? First, consider whom the goods were "consigned to": to "H. D. Carroll Sta." This is an ambiguous name or place. Next, at the bottom of the writing apparently were signatures of four persons: Robert B. King, Buck Daw, B. M. Bowlin and W. A. Blount. Did either or all of these persons represent H. D. Carroll Sta.; or is it the assumed name of one or more of them? Who is actually the purchaser or consignee of the goods? The writing gives one party's name, Teneha Oil Co., but who was the other party or parties—and upon what terms? Appellant admits in its brief that the exact terms of the consignment sued upon are not to be found in "Exhibit A" in the following language:

"Although *the exact terms* of the consignment *as alleged by appellant* do not appear on the face of each instrument, the very use of the term consignment on each one clearly expresses the agreement of the party."

In order to answer the questions raised parol evidence must be relied upon. Without this evidence no contract exists. A contract that rests, at least in major part upon parol evidence as this one must to exist, is

construed to be, when applied to the law of limitation, an oral contract and actions thereon are, therefore, barred by the two year statute, Art. 5526, V.A.C.S. Crockett v. Union Terminal Co., Tex.Civ.App., 342 S.W.2d 129; Barbier v. Barry, Tex.Civ. App., 345 S.W.2d 557.

Appellant also says that since the motion for summary judgment was filed before it filed its first amended original petition, the trial court erred in sustaining the motion. The motion was in general terms and was treated by the court as applicable to appellant's amended petition. Under the circumstances, this was proper. Woods v. Kiersky, Tex.Civ.App., 297 S.W. 518 (Rev. on other grounds, Tex.Com.App., 14 S.W.2d 825). No objection or exception to such consideration by the court was made in the trial court. The question, therefore, if material, was waived. 4 Tex.Jur.(2) 270.

The judgment is affirmed.