**W. A. BLOUNT, Appellant,**

v.

**TENAHA OIL COMPANY, Appellee.**

**No. 44.**

Court of Civil Appeals of Texas.

Tyler.

April 9, 1964.

Rehearing Denied April 30, 1964.

Richard E. McDaniel, McDaniel, Hunt, & Fairchild, Center, for appellant.

Joe Davis Foster, Center, for appellee.

SELLERS, Justice.

The plaintiff in the trial court, Tenaha Oil Company, a partnership, brought this suit, No. 16,747, against W. A. Blount, who resides in Shelby County, Texas, for the sum of $668.45. The cause of action is based upon two instruments in writing: one dated February 16, 1960, in the amount of $328.64, and the other dated February 23, 1960, in the sum of $339.81. Said instruments are attached to its petition as Exhibits A and B, respectively.

In answer filed by the defendant, he pleads res judicata in bar of the plaintiff's recovery; and in support of his plea, the defendant set up a prior suit between the same parties in the same court, being Cause No. 16,730.

Upon a trial before the court without a jury, the trial court entered a judgment in favor of the plaintiff for $518.04, which is the amount sued for, less a credit of $150.41. From this judgment the defendant has duly prosecuted his appeal to this court.

The issue before this court is whether or not the cause of action relied upon is denied by the plea of res judicata. All of the pleadings in the prior suit were before the court, and the original petition in Cause No. 16,730 is a suit upon a verified account with the itemized sworn account attached to the original petition.

In answer to this petition, the defendant plead the two-year statute of limitation, and filed a motion for summary judgment. In answer to this plea, the plaintiff filed its first original amended petition. In this petition the plaintiff undertook to change its plea from a suit upon a verified account to that of a consignment, undertaking to show that the goods were delivered to the defendant for re-sale under a consignment which is attached as Exhibit A, and also sought to recover upon a check dated February 23, 1960, in the sum of $339.81.

The trial court found against the plaintiff on its plea of a consignment and sustained the plea of limitation as to all of the account, except the $339.81. The plaintiff likewise plead in its amended petition certain credits that were due upon the $339.81 check, reducing the amount due thereon to $189.40.

After sustaining the plea of limitation and allowing the credits on the check, the court dismissed the suit upon the check because, after the plea of limitation was sustained and the credits allowed, the amount left was $189.40, which reduced the amount involved below the jurisdiction of the district court, and said claim was dismissed without prejudice from the suit. From this judgment the plaintiff appealed to the Court of Civil Appeals where the trial court's judgment was affirmed. The court simply held that the plaintiff had wholly failed to show that the goods were sold on consign-

ment and sustained the plea of limitation. Teneha Oil Company v. W. A. Blount, Tex. Civ.App., 368 S.W.2d 655.

The plaintiff, in its first amended original petition in the original suit between the parties, alleges that the defendant went out of business in February 1961. It is perfectly apparent from the record in this case that plaintiff's Exhibit B, attached to its petition in the present suit, was also an exhibit in the first suit; and it is likewise evident from the record that Exhibit A in the present suit was not included in the original suit between the parties, although it was dated prior to Exhibit B and was for the sum of $328.64.

The record shows conclusively that the two checks in the present suit, being Exhibits A and B, were given during the time that plaintiff was selling its goods, wares, and merchandise to the defendant, as shown by its verified account in the original suit. These two checks were held up at the request of the defendant when they were given, because he had insufficient money in the bank to take care of same. Both checks were later sent through the bank in the ordinary course of business, and were turned down by the bank.

No reason was offered in the pleadings of the plaintiff why he did not include the check shown as Exhibit A for $328.64 in the original suit, although it was long past due and demand had been made for the payment of the same.

■ We are of the opinion that the plea of res judicata is good insofar as the check dated February 16, 1960, in the sum of $328.64 is concerned, for it was a part of the debt between the same parties at the time the original suit was filed and was not included therein. The law sustaining the above holding finds support in Tex.Jur.2d Edition, Sec. 89, p. 338:

"The general rule is that where suit has been brought for part of the items of a continuous running account and a judgment rendered, the judgment is res judicata as respects a subsequent suit on items that were due at the time of the former proceeding."

■ The other check in the amount of $339.81, having been dismissed without prejudice from the prior suit, is not subject to the plea of res judicata; and after applying the credit of $150.41 allowed by the trial court on the check of $339.81, being Exhibit B, leaves a balance of $189.-40, for which plaintiff is entitled to recover from the defendant.

The judgment of the trial court is reformed and affirmed for the plaintiff for the sum of $189.40, and all costs in this proceeding is charged against the appellee.