**Lynn HOWARD, Appellant,**

v.

**PRESTON STATE BANK, Appellee.**

**No. 16728.**

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1966.

Rehearing Denied May 6, 1966.

Matthews, Payne, Pace, Sands & Benners and Fred H. Benners, Dallas, for appellant.

James, Ingram & Glenn, and R. W. (Bill) Glenn, Dallas, for appellee.

RENFRO, Justice.

Defendant in the trial court, Mrs. Lynn Howard, appeals from a summary judgment foreclosing a lien on an automobile in favor of the plaintiff, Preston State Bank.

She contends the judgment was not the relief applied for in plaintiff's motion for summary judgment and/or plaintiff's pleadings upon which its motion was based; that plaintiff did not have a valid chattel mortgage on the automobile, and that the record presented genuine material facts as to the creation and existence of a valid chattel mortgage.

On March 18, 1965, plaintiff filed its original petition against Howdy Howard and wife Lynn. (Howdy Howard is not a party to the appeal.) The petition alleged Howdy Howard executed his promissory note to the Bank in the sum of $4,500.00; in conjunction with the execution of the note Howdy executed a chattel mortgage on a 1963 Lincoln Continental, 4-Dr. automobile; that defendant Howard had made no payments on the note; that Lynn Howard had possession of the car and refused to surrender it to plaintiff. Prayer was for judgment for principal and interest on the note.

On April 12, 1965, Lynn Howard filed an answer in which she denied execution of the note and mortgage; that Howdy had no authority from her to execute the note; that she and Howdy were separated with divorce proceedings pending; that the automobile was her separate property.

Plaintiff filed motion for summary judgment on April 20, 1965, on the pleadings, affidavits and exhibits.

On April 30 plaintiff filed its first amended petition in which it plead fully the creation of its lien on the automobile, by loan note of $5,000.00 and chattel mortgage executed by Howdy on July 29, 1963, and prayed for judgment for its debt and foreclosure of its lien. The personal loan note and lien agreement, a copy of a customer's draft, along with certificate of title to the automobile were attached to the petition. The petition alleged that the loan was made to Howard to enable him to purchase the automobile.

Plaintiff, on April 30, filed its supplemental motion for summary judgment upon its claim as plead in its first amended petition. A long affidavit was filed by plaintiff in support of its motion. The affidavit showed that on July 29, 1963, plaintiff loaned Howdy Howard the sum of $7,-000.00 to purchase a 1963 Lincoln as a wedding present for his wife Lynn, and that $5,000.00 of the above amount was secured by a chattel mortgage on the Lincoln. The certificate of title, a customer's draft, and the personal loan note and lien agreement were attached to the affidavit or motion.

On May 10 plaintiff filed its second amended original petition which went more into detail concerning the transaction with Howdy Howard and alleged that Lynn knew and knows of the priority of plaintiff's lien. Plaintiff alleged it complied with Article 1436–1, § 1, Vernon's Ann. Texas Penal Code. All of the heretofore mentioned documents were attached to the petition. Further in support of the motion, an affidavit was filed by the Assistant Cashier of the Bank, in which he stated the $5,000.-00 loaned to Howdy Howard was used to purchase the car in question; that on August 28, 1964, Howdy renewed the note and lien agreement.

Defendant Lynn Howard filed a verified reply to plaintiff's motion on May 13, 1965.

In substance she alleged there were material fact issues, namely whether a valid lien had been fixed against the automobile; that title had been in her since July 29, 1963; she had not executed a mortgage on the automobile; that Howdy Howard had no authority to execute a mortgage on the automobile.

The court having "considered *all pleadings* on file, Plaintiff's Motion for Summary Judgment, Supporting Affidavit and Defendant, Lynn Howard's, opposing affidavit" found there was no genuine issue of any material fact and that plaintiff Bank was entitled to judgment as a matter of law. (Emphasis added.)

It is provided in Rule 166–A, sub. (c), Texas Rules of Civil Procedure, that judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In construing the above rule, the Dallas Court of Civil Appeals in Burnett v. Cory Corporation, 352 S.W.2d 502 (1961, ref., n. r. e.), held: "This truly implies pleadings, depositions, and admissions on file at the time of the hearing of the motion for summary judgment. To hold otherwise, would violate the salutary provisions of our rules permitting amendments to pleadings. The summary judgment rule clearly provides that the trial court shall determine from the entire record then before it, whether in fact, there is a disputed material issue to be determined by a trier of fact. * * * The amended petition, unchallenged by exceptions, stands in the place of the original petition as part of the record in the case."

In Schepps v. American District Telegraph Co. of Texas, 286 S.W.2d 684 (Dallas Civ.App., 1955, no writ hist.), it was held that the court was duty bound to consider plaintiff's last amended pleading in full on the hearing for summary judgment.

◼ The judgment recites that the court did consider all the pleadings. We think he did not err in considering the second amended petition.

◼ Moreover, defendant did not object or except to the action of the court in considering all the pleadings. If the court's action was error, such error was waived. Teneha Oil Company v. Blount, 368 S.W. 2d 655 (Beaumont Civ.App., 1963, no writ hist.).

Neither do we find disputed material facts in the record.

◼ It is undisputed that Howdy Howard borrowed money from plaintiff in order to buy an automobile as a wedding present for his wife Lynn. It is undisputed that he executed a note and chattel mortgage in favor of plaintiff. It is also undisputed that the certificate of title issued to defendant shows plaintiff as first lien holder. It is undisputed the note remains unpaid.

The lien to plaintiff was shown on the certificate of title in compliance with Article 1436–1, § 24 of the Penal Code. Article 1436–1, § 47, provides that when a lien is discharged, the holder thereof shall, on demand of the owner, execute and acknowledge before a notary public the discharge of the lien upon such form as may be prescribed by the Department. This was never done. The lien has never been released by plaintiff.

Defendant's contention in her reply to the motion for summary judgment that the lien to plaintiff was invalid is a mere legal conclusion, and, in our opinion, an erroneous conclusion.

◼ Nor does the fact the car was given her by her husband Howdy to be her separate property invalidate plaintiff's lien. Howdy could not give her the automobile

until he borrowed money from the plaintiff to buy the car from the dealer. The lien to plaintiff was perfected before Howdy gave the automobile to defendant. She received the automobile subject to plaintiff's lien. In fact, the certificate of title issued to her showed in the statutory manner that plaintiff was first lien holder.

All points of error have been considered and are overruled.

Affirmed.