**MILLER et al. v. DICKINSON et al.**
**(No. 6673.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1922.)

**1. Nuisance ⬤≫3(1)—Improvements subject to restraint.**

To make improvements on property a nuisance to adjoining property owners, and subject to restraint, they must be dangerous to life, detrimental to health, or seriously injurious to the adjoining property.

**2. Injunction ⬤≫11—Possible damages from subdivision and improvement of property across the street are not sufficient grounds for an injunction.**

Where defendant owned a vacant tract which he contemplated dividing into residence lots backing on the street, the fact that stables, garages, and similar outbuildings might be placed across the street from plaintiffs' houses, causing damage to their property, was not sufficient grounds for an injunction.

**3. Injunction ⬤≫1—Granting an injunction is within the discretion of the trial court.**

Where conflicting property interests appear in a suit for an injunction, the right to relief is not absolute, but is confided to the discretion of the trial judge.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by Frank J. Miller and others against H. E. Dickinson and another. From a judgment denying a temporary injunction, plaintiffs appeal. Affirmed.

J. F. Carl and P. H. Swearingen, Jr., both of San Antonio, for appellants.

Douglas & Carter, of San Antonio, for appellees.

FLY, C. J. This is an appeal from an order of the district court denying a temporary injunction to restrain appellees from subdividing or selling certain real property situated on Topeka boulevard "with a view of having said lots back up on said Topeka boulevard, or from constructing or permitting the construction thereon of any outhouses, barns, garages, stables, servant houses, wood houses, cow pens, or anything else which commonly goes with the back yard, on said property in front of these plaintiffs, and next to and adjoining Topeka boulevard." There were fourteen plaintiffs, who are appellants herein, and two defendants, H. E. Dickinson and Otto A. Pfeiffer, who are appellees in this court.

It was alleged that Pfeiffer is the owner of a vacant tract of land in the city of San Antonio, bounded on the north by Schley avenue, on the east by South Hackberry street, on the south by Topeka boulevard, and on the west by Cherry street; that appellees were contemplating and intending to subdivide the tract into lots, all of which will front on Schley avenue and have their back yards on Topeka boulevard, directly across that street from the homes of appellants which front on said boulevard, and will build barns, garages, and such other improvements as are built on the rear of lots which will be detrimental to and practically destroy the value of appellants' homes.

The evidence showed that Dickinson bought the tract of land from Pfeiffer and intended to extend an established street through the land, to be known as Clifford court, that the extension would cause the lots between Clifford court and Topeka boulevard to be 140 feet deep, and if they fronted on the one or other the rear of them would necessarily be on one or the other. The land has not yet been divided into lots. Dickinson intends to require the lots to front on Clifford court, and will restrict the building of all buildings or outhouses to not less than 20 feet from the line of Topeka boulevard.

[1] The proof showed that there was no intention to plat or sell lots in violation of any ordinance, but, if there had been such intention, it would not constitute a ground for injunction for it is held "that a bill in equity cannot ordinarily be maintained for a mere violation of a municipal ordinance" unless the violation will create a nuisance. Joyce, Inj. §§ 1044, 1046. The evidence in this case does not show that the contemplated improvements will cause irreparable injury to appellants, and to make such improvements a nuisance and subject to restraint it must appear that they will be dangerous to life, detrimental to health, or seriously injurious to property. As said by the Supreme Court in Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237:

"If there be no nuisance, there can be no recovery of damages for such annoyance as may exist, nor for diminution in the value of the property. It is not infrequent that the lawful use of one's property is disagreeable to neighbors, but that is one of the results of residing in cities and towns, and must be borne."

[2, 3] Whenever lots extend through a block, as in this case, the rear ends of the lots must of necessity rest on a street and necessarily some one's lot must face the rear ends of the other lots. The owner of such lots would have some right of choice as to which end of the lots he would make the front and which the rear, and such right ought not to be restrained or interfered with. If the rear ends of these lots should be so used as to create a nuisance that would be dangerous to life, detrimental to health, or seriously injurious to property, appellants will have their remedy. Appellees. are acting clearly within their rights in the lawful use of their property and cannot be restrained in such use because it may annoy or even injure the property of others. As said in the case of Oliver v. Forney Cotton Oil Co. (Tex. Civ. App.) 226 S. W. 1094:

"That a person is entitled to enjoy his home free from material discomfort, annoyance, and injury occasioned by the unlawful use by another of his property, cannot be controverted. This is a general and universal rule. But this rule cannot be invoked to prevent the reasonable, careful, and justly warranted use of property in a particular way because there is necessarily incident to that use discomfort and annoyance to home owners under all the circumstances appearing in the instant case."

When such conflicting interests appear in a case, the right to an injunction is not absolute, but is confided to the sound discretion of the trial judge. Such discretion has not been abused in this case. It is unfortunate that such cases arise, but an owner of land cannot be denied the lawful and proper use of it because it may inconvenience others or even injure their property. He has the right to fix the front and rear of lots that he may create and cannot be deprived of this right because his neighbors may anticipate that he will so use his property as to create a nuisance. Spann v. City of Dallas, not yet [officially] published, 235 S. W. 513.

The judgment will be affirmed.