This appeal is from an order of the court sustaining a general demurrer to appellant's petition. As the questions presented for review challenge the correctness of the action of the court sustaining the demurrer, it becomes necessary to state the substance of appellant's petition:
Appellant alleged that it owned lot No. 12 in block No. 6, Munger Avenue addition to the city of Dallas, upon which was a good residence occupied by tenants; that appellee owned lots Nos. 10 and 11 in said block, and had under construction on lot 10, then nearing completion, an apartment house consisting of 12 apartments, and was threatening to erect, and would erect unless restrained, a garage house on the boundary line between appellant's lot No. 12 and appellee's lot No. 11, 100 feet in length, subdivided into 12 compartments, for the accommodation of the tenants of the apartment house; that same is to be located 6 feet from the house of appellant, and will extend the full length of said house; that the back wall of the garage is to be of brick, 10 feet in height at the rear, gradually increasing to 12 feet in front, and, when completed, will shut off light and air from appellant's house, and the caves of the same will extend over on appellant's lot the full length of the building, thus appropriating a part of appellant's lot; and, further, that the roof will be so constructed as to cause the water from rainfalls to be carried and emptied on appellant's lot, all to its great damage.
It is alleged that it is wholly unnecessary for appellee to erect the garage building in the manner and at the place contemplated, as he has sufficient room elsewhere on said lots where the same can be placed without injury to himself or damage to appellant.
It is further alleged that the garages will at all times have from 6 to 12 automobiles, day and night; that they will contain gasoline, oil, and grease that will leak, causing trash, filth, and germs to accumulate in the garage house, will emit noxious, offensive, unpleasant and unhealthful gases, odors, and vapors, thus polluting the atmosphere, which will, on account of the location of the garage building, be carried into the house of appellant, materially discomforting, annoying, and injuring persons residing therein, and to the detriment and damage of appellant's property; and that by reason of these conditions the fire hazard and cost of insurance on appellant's property will be increased.
It is further alleged that the proposed erection of the garage building in the manner and place designated is uncalled for, is done with malice and spite on the part of appellee, with the specific intent and design on his part to injure and harass appellant, to its damage in the sum of not less than $2,500. *Page 473 
Appellant prayed for a temporary writ, to be made final on hearing, and for such damages as it may have suffered by the time the case is tried. The judge granted the temporary writ on condition that appellant execute a bond in the sum of $500, restraining appellee from erecting, or attempting to erect, the garage building, and that he be notified to appear before the court May 23, 1925, and show cause, if any, why the restraining order should not be continued in force until further orders of court.
On the hearing of appellee's motion to dissolve the temporary writ the court sustained a general demurrer to the petition, and, as appellant declined to amend, the same was dismissed and the writ dissolved, from which order of dissolution appellant prosecutes this appeal. The court entered an order suspending the effect of the order appealed from, and continued in force the temporary writ pending appeal.
The first question for our consideration is presented by the motion filed in this court by appellee to dissolve the temporary writ, continued in force by order of the trial court. This motion is based on the proposition that the trial Judge was without authority to enter the suspending order, for the reason that the court, having dissolved the injunction and dismissed the petition, lost all jurisdiction and authority. Article 4644, Vernon's Ann.Civ.St. Supp. 1922, makes provision for an appeal from an order of the court dissolving a temporary writ of injunction, and in this connection provides as follows:
"* * * But such appeal shall not have the effect to suspend the order appealed from, unless it shall be so ordered by the court or judge who enters the order. * * * "
The general demurrer urged by appellee to the petition of appellant was one of the grounds of the motion for the dissolution of the temporary writ. It challenged, at the outset, the sufficiency of the petition to entitle appellant to injunctive relief, and, on being sustained by the court, dissolved the writ theretofore issued just as effectually as if the order had resulted from a hearing on the facts. The right to appeal is in nowise conditioned on the particular ground, or grounds, on which the motion to dissolve may be predicated, whether of law or fact, and the authority of the court to suspend, during the pendency of the appeal, the order appealed from exists in either case. Vogelsang v. Gray (Tex.Civ.App.) 224 S.W. 535, 539.
The other grounds urged by appellee in his notion to dissolve the temporary writ have been considered, but as they are, in our opinion, without merit are overruled.
On the appeal proper, appellant contends that the trial court erred in sustaining a general demurrer to its petition and in dismissing the same for the reason, among others, that it appeared from its allegations, admitted to be true by the demurrer, that appellee was in the act of constructing, and would, if not enjoined by the court, construct, a garage house with the eaves thereof extending over onto the lot of appellant, thus appropriating to his use and benefit a strip of appellant's land, and that the roof of the structure will be built so as to conduct and empty the water of successive rainfalls on appellant's lot, injuring and damaging the same. The allegation of appellant that the eaves of the structure to be erected by appellee will extend over onto the lot of appellant was, in effect, an allegation that so much of the lot alongside the building under the eaves will be thus appropriated by appellee for his own use and benefit. It is well settled that the grant of a house carries with it, by implication, title to all land under the same, and, as the eaves are a part of the building, the land under the same will also be included in the description. Sherman v. Williams,113 Mass. 481, 18 Am.Rep. 522; Supplee v. Cohen, 80 N.J. Eq. 83, 83 A. 373,375; 1 Words and Phrases, Second Series, p. 514; Berry on Restrictions on the Use of Real Property, § 83, p. 120.
The doctrine above announced is very clearly stated in Sherman v. Williams, supra, as follows:
"The well settled rule that the grant of a house carries with it the title to all the land under the house which the grantor owns, extends to all the land covered or occupied by the house itself. As the eaves are a part of the building, the land under them is included in the description, when owned by the grantor. Where land is conveyed, bounded on a house as a monument, the land to the edge of the eaves only passes, that being the extreme part of the building; so where the house itself is granted or demised, the extreme parts of the house are the bounds and limits of the conveyance, and such title as the grantor has to the land thus occupied by the whole house passes by the grant or demise."
Appellant, in our opinion, is entitled to be protected against the discharge on his lot of rainwater conducted by the roof of the garage house of appellee. It is clearly the duty of the owner of a building to care for rainwater, such as may reasonably be expected, by keeping in serviceable condition gutters, spouts or other means to dispose of the same so as to prevent the shedding of water from his roof on the land and premises of another. 40 Cyc. 650, 20 R.C.L. § 50, p. 434; Copper v. Dolman, 68 Iowa 757, 28 N.W. 59, 56 Am.Rep. 872; Fitzpatrick v. Welch,174 Mass. 486, 55 N.E. 178, 48 L.R.A. 278.
The Statutes of this state (article 4643), on the subject of Injunctions, contain, among others, the following provision:
"Judges of the district and county courts shall, either in term time or vacation, hear and *Page 474 
determine all applications and may grant writs of injunctions returnable to said courts in the following cases:
"Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant."
If, therefore, appellant is entitled to be relieved from the appropriation by appellee of that portion of its lot under the eaves of the garage, and from the discharge on its premises of rainwater from the roof of this building, certainly appellant is entitled to have appellee restrained from the erection of the building in a manner that will produce these damaging results. Appellant is entitled to be left in the undisputed enjoyment and use of its premises, free from such an invasion as is threatened by appellee, and it is no answer to say that an action at law would exist in its favor for the recovery of such damages as might result to its premises therefrom. In such a situation, a court of equity should grant relief by preventing, in its incipiency, the invasion of another's rights. Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994,32 L.R.A. (N.S.) 1010, and authorities cited in note.
We therefore sustain the contention of appellant to the effect that the erection of the garage building with eaves projecting over onto its lot will be an appropriation by appellee to his use and benefit of so much of the land as falls under the eaves, and that the emptying of rainwater from the roof of the garage building will constitute a continuing damage and nuisance.
Appellant makes the further contention that the other grounds for injunctive relief alleged in its petition were good and should have been sustained by the court, to wit, that the proposed erection of the garage building by appellee in the place and manner as alleged was entirely uncalled for, and in disregard of appellant's rights; that the automobiles to be housed in the garage will contain gasoline, oil, grease, etc., that will leak out, causing trash, filth, dirt, and germs to accumulate, increasing the fire hazard of appellant's property, and emitting deadly, offensive, unhealthful gases, odors, and fumes, polluting the atmosphere, materially discomforting and annoying all persons residing in appellant's house, injuring their health, and damaging appellant's property.
A statement of a few fundamental yet well understood rules of law may assist us in understanding and disposing of the assignment here presented.
Property consists, not only in ownership and possession, but in the unchallengable right of its use, enjoyment, and disposition. If, therefore, anything destroys or seriously interferes with the free exercise of this right, to that extent the property itself is destroyed. If the right of the owner to use his property is denied or seriously interfered with, it is necessarily rendered profitless. It follows that any order issued by a court forbidding the owner of property to do with it as he chooses, so long as he does not choose to create a nuisance, destroys the chief element of value in property. Spann v. City of Dallas,111 Tex. 350, 235 S.W. 513. These self-evident propositions should admonish a court of equity that before such radical procedure is entered upon, the facts upon which the court is called to act should be of no doubtful or uncertain nature, and should not be based on imagination, conjecture, or guesses. Lancaster v. Harwood (Tex.Civ.App.) 245 S.W. 755.
The owner of property has the undoubted right to erect thereon any sort of a structure whatsoever, and place the same where he chooses, provided, as before stated, the structure or the proposed use is not such as the law will pronounce a nuisance. This is true notwithstanding the light, air, or view of another may be incidentally obstructed. Having the undoubted legal right to improve his property and to place the same where he chooses, the motives that actuate him in so doing, whether good, bad or indifferent, are immaterial. 20 R.C.L. § 45, p. 429, section 47, p. 431.
In this connection it is pertinent to observe that automobiles and garages for family use have largely taken the place of the horse and buggy, stables and buggy house, of former days. It is a matter of common knowledge that automobiles and garages, as ordinarily used by people the country over, are not, and do not by such use become, nuisances. This court cannot assume that the tenants of appellee who may occupy the apartment house in question will use or maintain the garages in such manner as to become nuisances.
Matters that annoy by being disagreeable, unsightly, and undesirable are not nuisances simply because they may to some extent affect the value of property. These are some of the natural and necessary incidents of life in a city or town, compactly built and inhabited. Those who reside or own property in such a city or settlement must rest content, so far as the law is concerned, notwithstanding they may be subjected to many such annoyances and discomforts. The fact that appellant's house may be subjected to a greater fire hazard, demanding a greater insurance premium, by reason of the location and maintenance of the garage building, furnishes no reason for injunctive relief; this incident, with others, is one of the consequences of the ownership of property in a city where the use and improvement of property necessarily affects the property of adjoining owners. Gray v. Woodring Lbr. Co. (Tex.Civ.App.)197 S.W. 231. 234.
The judgment will be reversed and the *Page 475 
cause remanded to the trial court, with instructions to reinstate the case and to proceed therewith in the future in harmony with the views expressed above; that the temporary writ of injunction be continued in force pending the trial of the case on its merits, restraining appellee from erecting a garage building such as is proposed, with eaves projecting over onto the lot of appellant, and that will empty rainwater caught upon its roof upon the lot of appellant.
Reversed and remanded, with instructions.