Emmett R. JOHNSON, Appellant,

v.

DALLAS POWER & LIGHT CO., Appellee.

No. 14838.

Court of Civil Appeals of Texas.

Dallas.

July 9, 1954.

Rehearing Denied Oct. 1, 1954.

Wm. W. Sweet, Jr., Dallas, for appellant.

W. Autry Norton and Worsham, Forsythe & Riley, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit for damages under art. I, sec. 17 of the Constitution of the State of Texas, Vernon's Ann.St. The trial court dismissed the suit on the ground that plaintiff's petition failed to allege a cause of action.

Appellant Emmett R. Johnson, plaintiff in the trial court, alleged in his petition that he owns 33⅛ acres of unimproved land now within the city limits of the City of Dallas, Texas; and that appellee Dal-

las Power & Light Company has constructed a power line mounted on steel towers within fifty feet of appellant's property on a strip of land owned by appellee adjacent to and running along the north and also the west sides of appellant's land, thereby reducing the value of appellant's land in the sum of $15,000. Appellant also alleged that though his property is at the present time undeveloped, "it is suitable for residential development and by reason of such fact has a special value for that purpose, since it is located in a residential area zoned by the City of Dallas for residential purposes into one-half acre lots." ·

Appellant's pleadings do not raise the issues of nuisance, negligence, or actual physical harm to appellant's land in connection with the construction and maintenance of appellee's power line.

We quote the pertinent part of art. I, sec. 17 of our State Constitution: "No person's property shall be taken, *damaged* or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; * * *." (Emphasis supplied.)

The parties to this appeal agree that the only question before us is whether appellant stated a cause of action in his original petition.

■■ We think it is a material fact allegation in this case that the power line is located on land owned by appellee—a strip 300 feet wide running north and west adjacent to appellant's acreage. It is a rule of long standing that in the absence of nuisance, or negligence, or physical harm there is ordinarily no liability for diminution in adjoining land values resulting from the lawful use of one's own land. We think the rule is applicable here. Therefore we hold that the trial court did not commit error in dismissing appellant's suit. Marshall v. City of Dallas, Tex.Civ.App., 253 S.W. 887 (dism.); Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L.R. 1387; Trinity & S. Ry. Co. v. Meadows, 73 Tex. 32, 11 S.W. 145; Dunn v. City of Austin, 77 Tex. 139, 11 S.W. 1125.

This Court speaking through the late Chief Justice Jones has said, "It has not infrequently happened that the lawful use of one's property was not only disagreeable to his neighbor, but also tended to diminish the value of the neighbor's property, for which reason the question raised by appellants is by no means a new question in this state. The law in reference to it has been long since settled against the contention of appellants. There is no clearer rule in this state than that, if there be no public or private nuisance created in the use of property, no recovery of damages can be allowed for the diminution in value of the property by reason of the lawful use of such property made by a nearby owner." Marshall v. City of Dallas, 253 S.W. 887, at page 889.

■ Appellant does not deny the rule, but apparently contends that under the constitutional provision in question the rule is not applicable in the case of a public utility. We think it is. In the case of Trinity & S. Ry. Co. v. Meadows, 11 S.W. 145, at page 146, Judge Gaines, speaking of art. I, sec. 17 of our State Constitution, said, "We do not understand that it was intended to give an action against those constructing public works, for acts which if done by persons in pursuit of a private enterprise would not have been actionable."

Appellant has cited us several cases by our Supreme Court but we do not consider them controlling here, for they are cases in which the defendant was either causing a nuisance, or was guilty of negligence, or was using and thereby placing an additional burden on a public street in which plaintiff had rights as an abutting or nearby property owner.

The holding in the case of Houston & T. C. R. Co. v. Davis, 45 Tex.Civ.App. 212, 100 S.W. 1013 (writ denied), is indeed favorable to appellant's contention. But in the light of what we consider contrary expressions from our Supreme Court and oth-

er Courts of Civil Appeals, we do not believe that the Davis case correctly states the law, so we shall not follow it in this appeal.

Appellant's point on appeal is overruled. The judgment of the trial court is affirmed.