**S. J. ROGERS et al., Appellants,**

v.

**Charles SCALING, Appellee.**

No. 15783.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 1, 1957.

Rehearing Denied March 1, 1957.

---

Keith, Mehaffy, McNicholas & Weber and Quentin Keith, Beaumont, for appellants.

Morgan & Shropshire and Cecil A. Morgan, Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal from a permanent injunction prohibiting defendants from maintaining a certain described electric sign in its present location.

The plaintiff, Charles Scaling, sued defendants, S. J. and N. Jay Rogers, alleging that he owns Lot 5 in Block 5 of Hirsch-field Addition to the City of Fort Worth, and that defendants are. the lessees of adjoining Lot 4. He further alleged: that his lot is on the west side of Houston Street, and situated on it is a one-story basement building; that it is located in the central area of downtown Fort Worth and is valuable as commercial rent property; that on or about June 7, 1955, defendants erected a large sign, about ten feet square and twelve inches thick, adjacent to his property and on the property line between Lots 4 and 5, which reads, "Texas State Optical" and under this are the words, "Eyes Examined"; that electric lights have been installed in said sign; that the sign is painted in bold colors; that by reason of its dimensions, location, colors, lights and physical construction, the sign completely blocks from view of all persons who may be traveling along Houston Street, between Seventh and Eighth Streets, the building owned by plaintiff; that the sign is of such construction and is so located that it leaves the erroneous impression that it is located on plaintiff's property, making it impossible for plaintiff or a tenant of his to construct a sign that could be seen by people moving in said street, thus destroying the value of plaintiff's property as a retail business establishment; that Houston Street is a one-way street for motor vehicular traffic, such traffic moving south, and that such sign blocks the view of those traveling in motor vehicles; that by the erection of such sign the defendants are making an unreasonable use of Lot 4 to the injury of plaintiff's property; that the erection and maintenance of the sign caused plaintiff to lose a long-term rental contract for his property at a rental of $1,000 per month. Plaintiff alleged that he had no adequate remedy at law and prayed for a mandatory injunction requiring the defendants to remove the sign, and for damages.

The jury, in answer to issues supported by the pleadings and evidence, found that the sign by reason of its dimensions, location, colors and lights substantially obstructed the view of plaintiff's property to motorists and

pedestrians traveling south along Houston Street; that plaintiff sustained substantial damage to the value of his property peculiar to the plaintiff and not to the public generally as a result thereof; that the erection and maintenance of the sign constituted an unreasonable use by defendants of their property. In connection with the latter issue the jury was instructed "unreasonable use" meant use of property by the owner over and above that which is reasonably necessary to afford him its full use and enjoyment and which results in injury and damage to the owner of adjacent property in such owner's use and enjoyment of such adjacent property. The jury further found that plaintiff's premises are not reasonably adapted to the erection of a sign which would afford to southbound motorists and pedestrians a reasonable view of his premises and such sign, without unreasonable interference by the sign on defendants' premises; that no such sign erected by plaintiff would reasonably afford to him the full use and enjoyment of his premises; that plaintiff's property was worth $100,000 immediately before the erection of the sign by defendants and was worth $80,000 immediately after the erection of said sign.

Plaintiff's building and defendants' building (although defendants are lessees, for convenience we will refer to them as though they were owners of the property) share a party wall; the sign is attached to defendants' half of the party wall and extends out over the public walk.

Defendants cite and rely mainly on City of San Angelo v. Sitas, 143 Tex. 154, 183 S.W.2d 417; Boys Town v. Garrett, Tex.Civ.App., 283 S.W.2d 416; Klein v. Gehrung, 25 Tex.Supp. 232; State v. Brewer, 141 Tex. 1, 169 S.W.2d 468; and Dallas Land & Loan Co. v. Garrett, Tex.Civ.App., 276 S.W. 471, as authorities in support of their points of error that judgment non obstante veredicto should have been rendered for them. They contend that under the foregoing authorities the sign could not as a matter of law be a nuisance; that an owner may use his own property as he sees fit, er may use his own property as he sees fit, so long as he does not endanger the life or property of another and his use serves some worthwhile purpose; that a land owner has no just complaint against his neighbor where the latter uses his own property for his benefit, although such use may destroy the light or air of adjoining owners; that there must not only be an injury or wrong but it must have been caused by a legal wrong and the breach of a legal duty; and that a lawful use of one's property does not create a cause of action unless it constitutes a nuisance.

It is a rule of long standing that in the absence of nuisance or negligence or physical harm, there is ordinarily no liability or diminution in adjoining land values resulting from a lawful use of one's own land. Johnson v. Dallas Power & Light Co., Tex.Civ.App., 271 S.W.2d 443.

The right of usage, however, is not without some limitation. The Supreme Court in Klein v. Gehrung, supra, expressed it in these words: " 'Nothing in law can be more certain, than one's right to occupy and use his own land as he pleases, *if he does not thereby injure others.*' " (Emphasis added.) In State v. Brewer, supra, the Supreme Court's opinion shows the State was careful to protect the rights of the plaintiff. Also, the Supreme Court in Spann v. City of Dallas, 235 S.W. 513, in discussing the owner's right of use of property, said: "It is a right which takes into account the equal rights of others, for it is qualified by the obligation that the use of the property shall not be to the prejudice of others."

In City of McAllen v. Humphreys, Tex.Civ.App., 40 S.W.2d 241, 242, the court held: "If it be true that the performance of the act was harsh and destructive of the rights of another, then the other party would be entitled to damages."

In Hoover v. Horton, Tex.Civ.App., 209 S.W.2d 646, 649, we find the following: "Every person is entitled to make a reasonable use of his property. This rule, however, must be modified by saying that no

one may make an unreasonable use of his premises to the material injury of his neighbors' premises, the test being not whether the injury was the natural consequence, or whether the act is in the nature of a nuisance, 'but the inquiry is, was the act or use a reasonable exercise of the dominion which the owner of property has by virtue of his ownership over his property? having regard to all interests affected, his own and those of his neighbors, and having in view, also, public policy.'"

In Iford v. Nickel, Tex.Civ.App., 1 S.W.2d 751, 752, it was said: "Undoubtedly the citizen has the right to the use of his property so long as that use does not impair or destroy the use of others in their property."

Neither does the fact that the City, acting under a valid ordinance, granted a permit for the sign necessarily accord to defendants complete immunity from damages inflicted on a private property owner. As said in City of McAllen v. Humphreys, supra, the performance of an act, entirely legal within itself, may nevertheless be made unlawful by the manner in which such act is performed.

In Baltimore & Potomac R. R. Co. v. Fifth Baptist Church, 108 U.S. 317, 2 S.Ct. 719, 727, 27 L.Ed. 739, it was held: "It is no answer to the action of the plaintiff that the Railroad Company was authorized by act of congress to bring its track within the limits of the city of Washington," adding, "Whatever the extent of the authority conferred, it was accompanied with this implied qualification that the works should not be so placed as by their use to unreasonably interfere with and disturb the peaceful and comfortable enjoyment of others in their property" and "No permission given to conduct such an occupation within the limits of a city would exempt the parties from liability for damages occasioned to others, however carefully they might conduct their business."

In the instant case, the two buildings in question had a common party wall and both structures were flush with the east property line. While it is true the offending sign was attached to the defendants' half of the party wall, it extended so far out over the public sidewalk and was of such dimensions that according to the evidence and jury findings the plaintiff could not reasonably erect a sign on his half of the party wall or even on his premises that could be seen by any vehicular traffic, since all vehicular traffic travels south on Houston Street, and could not be seen by pedestrians walking south on Houston Street. Because of its size and location it would constitute unreasonable interference with any sign plaintiff might place on his building or his half of the party wall.

The court's order merely prohibits the maintenance of the present sign in its present location. As we construe the order, it does not prevent defendants from using the same sign so long as they do not maintain it in the exact location where originally erected. The order does not prohibit the defendants from using the exact location on the party wall where such sign is located provided they do not maintain the particular sign in that location.

Under the particular facts of this case and in view of the jury findings, we have concluded the order of the court did not restrict defendants in the full enjoyment and use of their property as such use is contemplated in the authorities, but, on the contrary, merely assured plaintiff of reasonable use of his property. The jury found that plaintiff suffered material injury peculiar to himself aside from any general injury to the public.

While we find no Texas case particularly in point, our judgment finds some support in World Realty Co. v. City of Omaha, 113 Neb. 396, 203 N.W. 574, 40 A.L.R. 1313, and Klaber v. Lakenan, 8 Cir., 64 F.2d 86, 90 A.L.R. 783.

In our view the court did not err in granting the injunction.

 Plaintiff contends the court should have entered judgment for him for $20,000. There was no issue submitted to the jury as to the amount of damage plaintiff may have suffered from the time the sign was installed until the date of the trial. The issues submitted inquired as to the difference in the market value of plaintiff's property before and after the installation of the sign. Those issues presuppose the sign will remain permanently. The court has ordered it removed. Manifestly, plaintiff cannot recover for damages which he will not suffer.

Affirmed.