**O. A. HARRISON, Appellant,**

v.

**J. W. LANGLINAIS, Appellee.**

No. 13315.

Court of Civil Appeals of Texas.

San Antonio.

March 26, 1958.

Rehearing Denied April 23, 1958.

Ronald Smallwood, San Antonio, for appellant.

W. Ray Scruggs, Seguin, for appellee.

BARROW, Justice.

Appellant, as plaintiff, sued appellee, as defendant, seeking a permanent injunction to prevent the erection of a spite wall between his property and that of appellee, or, if the wall was completed before trial, a mandatory injunction to remove the wall. In the alternative, plaintiff sought damages for the erection of said wall. The case was tried to a jury, and at the close of plaintiff's testimony the court sustained a motion to instruct a verdict for the defendant and denied plaintiff the relief sought.

Appellant bases his appeal upon one point, that the court erred in instructing the jury to return a verdict for appellee, as he, appellant, had introduced evidence showing, prima facie, an unreasonable and unlawful erection and maintenance of the wall between their residences, and that said wall was erected out of "spite" toward appellant.

The record shows that shortly before the erection of the wall, appellant and appellee had a dispute over the boundary line between their respective properties; that appellee caused a survey to be made which fixed and located the correct boundary, and thereafter commenced building a wall between the properties. It is undisputed that the wall is built of masonry, somewhat artistic in design and is 143 feet in length; that it varies from 3 to 5½ feet in height, and that the maximum height is only for a distance of 10 feet; that the wall was erected well within appellee's own land, and appellant's residence is 6 feet from the wall.

The record fails to show that the wall was erected in violation of any building restriction or regulation, and appellant does not contend that the wall constitutes a

nuisance. His contention is that the wall was erected through "spite", and that it obstructs air, light and the prevailing breezes from his home.

Considering all facts favorable to appellant and disregarding all evidence favorable to appellee, as we are required to do, would the appellant be entitled to a judgment? We think not.

The rule of law in Texas is well established, that the owner of real estate may, in the absence of building restrictions or building regulations against his land, erect a building, wall, fence or other obstruction thereon and on any part thereof, within his sole discretion, and his action in so doing is lawful as one of the incidents of fee simple ownership, notwithstanding it obstructs light, air and vision from his neighbor; notwithstanding it depreciates the value of the neighbor's property, and notwithstanding the motive for erecting the structure. This has been the law, and it has been followed by an unbroken line of authorities, since the early case of Klein v. Gehrung, 25 Tex.Supp. 232; Fort Worth & D. C. R. Co. v. Ayers, Tex.Civ.App., 149 S.W. 1068; Ex parte Maddox, 123 Tex.Cr.R. 249, 58 S.W.2d 516; Boys Town, Inc., v. Garrett, Tex.Civ.App., 283 S.W.2d 416; Dallas Land & Loan Co. v. Garrett, Tex.Civ.App., 276 S.W. 471; Woods v. Kiersky, Tex.Civ.App., 297 S.W. 518; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513; Miller v. Dickinson, Tex.Civ.App., 236 S.W. 1014. Nor does the fact that the construction of the improvements complained of is brought about through malice or ill will alter the right of the landowner to make them. Worm v. Wood, Tex.Civ.App., 223 S.W. 1016; 1 Tex.Jur. 627. In Johnson v. Dallas Power & Light Co., Tex.Civ.App., 271 S.W.2d 443, 444, the Court in passing on a similar situation said: "It is a rule of long standing that in the absence of nuisance, or negligence, or physical harm there is ordinarily no liability for dimunition in adjoining land values resulting from the lawful use of one's own land."

It is a general rule that the motive with which a person acts or with which an injury is inflicted is not material in determining the existence of a cause of action. Accordingly, one may exercise a legal right regardless of the motive actuating him, and the fact that an act not otherwise amounting to a legal injury is done with evil intent or improper motive does not render it actionable. Roberts v. Clark, Tex.Civ.App., 103 S.W. 417; Dallas Land & Loan Co. v. Garrett, Tex.Civ.App., 276 S.W. 471; Grand Lodge, Order Hermann's Sons of Texas v. Schuetze, 36 Tex. Civ.App. 539, 83 S.W. 241; Tex.Jur. 628, § 21.

Having reached the conclusion upon the record in this case, that appellee had the right to erect the wall in question, regardless of his motive in so doing, the trial court was correct in sustaining the motion for an instructed verdict.

The judgment is affirmed.