**L. J. SCHARLACK et al., Appellants,**

v.

**GULF OIL CORPORATION, Appellee.**

**No. 14101.**

Court of Civil Appeals of Texas.

San Antonio.

May 29, 1963.

Rehearings Denied June 19, 1963.

Glosserman, Alter & Smith, Mitchell S. Rosenheim, San Antonio, for appellants.

William F. Erwin, Jr., Houston, for appellee.

BARROW, Justice.

This is an appeal from a take-nothing summary judgment. Appellants filed suit to recover damages and for a mandatory injunction to require appellee to remove a billboard which was erected near appellee's north property line in such manner as to practically cover a billboard previously erected by appellants near its south property line. Each sign is located entirely on the property of its respective owner.

Appellee's motion for summary judgment was made on the ground that the pleadings show that there is no genuine issue as to any material facts and appellee was entitled to judgment as a matter of law under the two-year statute of limitations, Art. 5526, Vernon's Ann.Civ.Stats., and by reason of laches in appellants' not filing their suit for nearly four years. Appellants concede that their claim for damages is barred by the two-year statute of limitations, but urge that the erection and continued maintenance of appellee's billboard constitute a private nuisance under the facts alleged in their petition.

The rights governing adjoining property owners was stated by this Court in Harrison v. Langlinais, Tex.Civ.App., 312 S.W.2d 286, wherein it was said:

"The rule of law in Texas is well established, that the owner of real estate may, in the absence of building restrictions or building regulations against his land, erect a building, wall, fence or other obstruction thereon and on any part thereof, within his sole discretion, and his action in so doing is lawful as one of the incidents of fee simple ownership, notwithstanding it obstructs light, air and vision from his neighbor; notwithstanding it depreciates the value of the neighbor's property, and notwithstanding the motive for erecting the structure." Citing authorities.

This rule is modified to create a cause of action when one's property is used in such a way as to constitute a nuisance. Johnson v. Dallas Power & Light Co., Tex. Civ.App., 271 S.W.2d 443; Columbian Carbon Co. v. Tholen, Tex.Civ.App., 199 S.W. 2d 825. We must, therefore, examine appellants' petition to determine if there are facts alleged which constitute a private nuisance.

It is alleged that appellants and appellee own adjoining lots on the north side of a busy intersection in the City of San Antonio, known as Romana Plaza. The common boundary line of these two lots is 93.31 feet long between San Pedro Avenue and Main Avenue, which streets converge at the south end of appellee's lot. In 1948 appellants erected a commercial advertising billboard near its south boundary line, with dimensions 45′ by 20′ and ap-

proximately twenty-five feet above the ground. This billboard was located so as to be visible to heavy northbound traffic on these two streets. In April, 1957, appellee erected a billboard near its north boundary line, which covers a substantial part of appellants' advertising sign, so as to render the appellants' sign useless for advertising purposes. It is further alleged that the continued maintenance of appellee's sign obstructs and works injury and damage to appellants' reasonable use and enjoyment of their property, and therefore constitutes a private nuisance. That the act of appellee in placing its sign in front of appellants' sign and blocking and obstructing it from use was and is an unreasonable use and exercise of the dominion which appellee has by virtue of its ownership of said property, having regard for all interests affected. This suit was filed by appellants on March 17, 1961.

There is no allegation that the appellee's sign was unlawfully erected, or that it was erected for any purpose other than in lawful and gainful pursuit of appellee's affairs. Appellants cite Rogers v. Scaling, Tex.Civ. App., 298 S.W.2d 877, to support their position. That case is distinguishable, however, in that there it was determined that the sign sought to be removed was erected in such manner that it completely blocked the view of the adjoining property owned by complainant. In affirming the permanent injunction prohibiting the maintenance of the sign, the Court emphasized that the trial court's order merely prohibited the maintenance of the sign in its present location. It did not prohibit the use of the same sign in another location or prohibit the owner from using a different type sign in the same location.

It is our opinion that the appellants have alleged nothing more than an interference with their view. The English rule of "ancient lights" was repudiated in this State in the early case of Klein v. Gehrung, 25 Tex.Supp. 232. Under the rule recognized in this State, a building or structure cannot be complained of as a nuisance merely because it obstructs the view of neighboring property. Boys Town, Inc. v. Garrett, Tex.Civ.App., 283 S.W.2d 416; Dallas Land & Loan Co. v. Garrett, Tex. Civ.App., 276 S.W. 471. See also Campbell v. Hammack, 212 Ga. 90, 90 S.E.2d 415; Vol. 66 C.J.S. Nuisances § 25.

The trial court did not err in sustaining appellee's motion for summary judgment. The judgment is affirmed.