Opinion filed May 16, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00188-CV

_____

### BOB LADD, Appellant

### V.

### SILVER STAR I POWER PARTNERS, LLC, Appellee

On Appeal from the 266th District Court

Erath County, Texas

Trial Court Cause No. CV-30351

## MEMORANDUM OPINION

This is an appeal from a summary judgment order entered in favor of Silver Star I Power Partners, LLC. We affirm.

Bob Ladd sued Silver Star and alleged that Silver Star's placement of twenty-four wind turbines near Ladd's property caused a nuisance.[1] Specifically, Ladd asserted:

> The Defendants' design, finance, development, construction and operation of the industrial wind turbine project and its many turbines constitute a nuisance because:
>
> a. they will create constant noise when the wind is blowing, and the noise increases in volume as the wind velocity increases, including low frequency noise;
>
> b. the wind turbines create an eyesore that destroys the natural beauty of the Erath County countryside from Ladd's home and throughout his ranch and creates a "flicker" or "strobe" and shadow effect during the times the sun is near the horizon which invades Plaintiff's land;
>
> c. the wind turbines have blinking red lights that dominate the night sky and destroy the natural beauty of the star-filled sky, one aspect of the attractiveness of the area; and
>
> d. the wind turbines negatively impact the habitat of the native wildlife in the area and potentially Ladd's whitetail breeding operation which is one reason Plaintiff chose to purchase his ranch in Erath County, Texas.

Ladd further claimed that the wind turbine project resulted in a condition that physically invaded and substantially interfered with his private use and enjoyment of his ranch and negatively impacted the value of his property by more than $6,500,000. In the background section of his petition, Ladd asserted that "[t]he

---

[1]Ladd originally brought suit against several other defendants and alleged multiple causes of action; however, those defendants and claims are not at issue in this appeal.

prospect for further development of this ranch has also been destroyed as Ladd cannot develop his property near the property lines due to the noise, light issues and the eyesore created by the wind turbines. Essentially, the industrial wind turbine project has effected a taking of Ladd's property without compensation."

Silver Star moved for summary judgment on both traditional and no-evidence grounds. It alleged that Ladd could not recover on his visual nuisance claim as a matter of law and that Ladd had no evidence that the wind turbines precluded the further development of his property. Silver Star did not attack Ladd's claim that the wind turbines created a nuisance as a result of the noise, the shadow and flicker effect caused by the blades at sunset, and the effect of the blinking red lights located on the turbines. The trial court granted Silver Star's motion for summary judgment. The parties filed an agreed motion to sever the nuisance claim related to aesthetics from those based on the noise, the shadow and flicker effect, and the blinking red lights. The parties also entered into a Rule 11 agreement in which they agreed Ladd would dismiss all of his claims, with prejudice, if this case involving the visual nuisance claim is ultimately affirmed on appeal. *See* TEX. R. CIV. P. 11. The trial court granted the agreed motion, severed the visual nuisance claim from the remaining claims, abated those remaining nuisance claims from the claims at issue here, and entered a final judgment.

Ladd presents two issues for our review. In his first issue, Ladd argues that the trial court erred when it determined that his nuisance claim could be split into multiple evidentiary elements instead of considered as a whole. In his second issue, he asserts that the trial court erred when it granted Silver Star's motion for summary judgment.

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the

3

nonmovant. *Id.* A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The nonmovant is not required to file a response to defeat the movant's summary judgment motion; however, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *Clear Creek*, 589 S.W.2d at 678–79. A trial court must grant a no-evidence motion for summary judgment if the nonmovant fails to produce more than a scintilla of evidence raising a genuine issue of material fact on the challenged element of the cause of action. TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

Ladd asserts in his first issue that the trial court erred when it granted summary judgment in Silver Star's favor as to the visual nuisance claim because Silver Star did not attack an element of Ladd's nuisance claim, but instead only attacked one factor—the unsightliness of the turbines. Ladd contends that the wind turbines cause a nuisance not only because the turbines are an eyesore but also because the turbines generate loud noise, produce a flicker or strobe effect, and have blinking red lights. In his brief, Ladd argues that the nuisance claim that he has brought is a single nuisance claim with many parts that make it so. He refers to his claim as a bundle of different things and states that each of those things go to make up the nuisance. He faults Silver Star for wanting to take one of the sticks— that the turbines are an eyesore—out of the bundle. However, if the bundle is to contain those things that go to make up a nuisance, then those things that cannot support a nuisance claim, as a matter of law, should be removed from the bundle. Ladd also argues that the aesthetic-based evidence is relevant to his nuisance claim

4

as a whole and that he should not be precluded from presenting evidence of the visual impact of the turbines at trial. But Silver Star directs us to *Rankin v. FPL Energy, LLC*, 266 S.W.3d 506 (Tex. App.—Eastland 2008, pet. denied), for the proposition that it was not error for the trial court to render judgment in favor of Silver Star because the visual impact, or the unsightliness of the turbines, cannot support a claim for nuisance as a matter of law. We agree with Silver Star that *Rankin* controls our decision in this case.

In *Rankin*, we did not say that evidence of aesthetics was never admissible. What we did hold in *Rankin* was that Texas law does not allow a plaintiff to recover on a visual nuisance claim based on aesthetic impact. 266 S.W.3d at 509–13. In reaching this decision, we relied on opinions from several other Texas courts. *See Jones v. Highland Mem'l Park*, 242 S.W.2d 250 (Tex. Civ. App.—San Antonio 1951, no writ) (holding presence of cemetery alone does not create a nuisance); *Dallas Land & Loan Co. v. Garrett*, 276 S.W. 471, 474 (Tex. Civ. App.—Dallas 1925, no writ) ("Matters that annoy by being disagreeable, unsightly, and undesirable are not nuisances simply because they may to some extent affect the value of property."); *Shamburger v. Scheurrer*, 198 S.W. 1069, 1071–72 (Tex. Civ. App.—Fort Worth 1917, no writ) (holding the law will not declare a thing a nuisance because it is unsightly or unpleasant to the eye). Therefore, as a matter of law, Ladd cannot recover damages on his nuisance claim because the wind turbines are unsightly, create an eyesore, or destroy the scenic view.

Ladd argues that this case is distinguishable from *Rankin* because he did not assert a claim for nuisance based solely on aesthetic impact, but also based on noise, flicker effect, and blinking red lights. However, the plaintiffs in *Rankin* also asserted that the wind turbines caused a nuisance because of noise, shadow flicker effect, and blinking lights. *Rankin*, 266 S.W.3d at 510. The trial court dismissed

5

the plaintiffs' nuisance claims asserted in whole or in part on the basis of aesthetic impact, and the plaintiffs' claims based on noise, blinking lights, and flicker effect proceeded to trial. *Id.* at 508, 510. The *Rankin* plaintiffs argued on appeal that the trial court erred when it instructed the jury not to consider the visual impact that the wind farm created in addition to the other conditions (noise, lights, flicker effect) in the jury's determination of whether the wind farm was a nuisance. *Id.* at 510. We upheld the trial court's instructions to the jury that it could not consider the aesthetic impact of the wind farm and that aesthetic impact could not form the basis for an award of damages. *Id.* at 508 n.3, 513.

In addition to our holding in *Rankin*, Rule 166a governs summary judgment procedure and expressly provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or *any part* thereof." TEX. R. CIV. P. 166a(b) (emphasis added). Because the rule specifically provides that a defendant can move for summary judgment on any part of a plaintiff's claim and because as a matter of law aesthetic impact will not support a claim for nuisance, the trial court did not err when it considered and granted Silver Star's motion for summary judgment as to Ladd's visual nuisance claim.

Ladd also argues that aesthetic-based evidence is relevant to his nuisance claim as a whole and that he should not be precluded from presenting evidence at trial of the visual impact of the turbines. He directs us to a footnote in *Rankin* in which we noted, "We do not hold that aesthetical-based evidence is inadmissible. The trial court has wide discretion concerning the admission of evidence; and, in individual cases, aesthetical information may be relevant for a variety of purposes." *Rankin*, 266 S.W.3d at 512 n.13. Here, however, the issue of whether aesthetic-based evidence is admissible in Ladd's claim that the turbines cause a

nuisance because they generate noise, produce a flicker effect, or have blinking red lights is not ripe for our review. As we noted in *Rankin*, the trial court has broad discretion to determine whether such aesthetically based evidence is admissible if and when those issues are presented to the factfinder, but aesthetically based evidence will not support a claim of nuisance. *See id.* We overrule Ladd's first issue.

In his second issue, Ladd asserts that the trial court erred when it granted Silver Star's no-evidence motion for summary judgment as to Ladd's claim that the wind turbines limited further development of his property. He claims that the trial court erred because he produced more than a scintilla of evidence that the wind turbine operation negatively impacted the highest and best uses of his property and that it caused a diminution in his property value. Regardless of whether this issue of further development has been been referred to as a separate nuisance claim, this issue is one that is a damage issue, as acknowledged by Ladd and as set out in his brief. We are limited in this appeal to the visual impact or aesthetics claim; the other nuisance claims have been severed from this one. Because we have held that there is no cause of action for the aesthetics claim involved in this appeal, there can be no damages based upon it, and the argument is moot. Ladd's second issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

May 16, 2013                                        CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.


7