Opinion issued August 28, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00488-CV

———————————

## ROBERT GULLEDGE AND DIANA GULLEDGE, Appellants

## V.

## WARREN WESTER AND THEODORE SULLIVAN, Appellees

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 16-CV-1022

## CONCURRING OPINION

The majority does not reach whether blocking the view of another landowner is actionable as a nuisance claim. Instead, the majority holds that, even if such a claim is actionable, Wester and Sullivan did not provide legally sufficient evidence to support the claim. I take a different approach. I would hold that blocking a view

of another landowner is not actionable under nuisance law.  As a result, I express no opinion on what amount of evidence would be sufficient if it were actionable.  Accordingly, I concur in the judgment only.

This suit involved claims for private nuisance.  Wester and Sullivan asserted claims of intentional nuisance and negligent nuisance, asserting that the Gulledges' boathouse, if completed, would significantly impair their views of the water and cause them damage as a result.  The jury found only negligent nuisance.  In their first issue, the Gulledges argue that evidence supporting the negligent nuisance claims is legally insufficient.

A negligent nuisance "claim is governed by ordinary negligence principles." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 607 (Tex. 2016). Accordingly, Wester and Sullivan were required to prove that the Gulledges owed them a duty, they breached the duty, and Wester and Sullivan suffered damages as a proximate cause of the breach.  *See id.*   In addition, Wester and Sullivan had to prove that the Gulledge's "negligent conduct caused a nuisance, which in turn resulted in [Wester's and Sullivan's] damages."  *Id.*

"A 'nuisance' is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it."  *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003); *see also Crosstex*, 505 S.W.3d at 593–94 (affirming

2

*Holubec*'s definition of nuisance). To be a nuisance, the injury must be "an invasion of a plaintiff's legal rights." *Crosstex*, 505 S.W.3d at 594. As a result, a nuisance does not refer "to a cause of action . . . but instead to the particular type of *legal injury* that can support a claim or cause of action seeking legal relief." *Id.* (emphasis in original). In addition, the interference must be substantial and the discomfort and annoyance must be unreasonable. *Id.* at 595.

As the Gulledges point out, Texas courts have long and consistently held that complaints about aesthetics of neighboring properties will not support a nuisance finding. *See, e.g.*, *Serafine v. Blunt*, No. 03-16-00131-CV, 2017 WL 2224528, at *5 (Tex. App.—Austin May 19, 2017, pet. denied) (mem. op.) (holding "'aesthetic' nuisance claims are not recognized in Texas"); *Jeansonne v. T–Mobile W. Corp.*, No. 01-13-00069-CV, 2014 WL 4374118, at *8 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, no pet.) (mem. op.) (holding "Texas courts have not found a nuisance merely because of aesthetic-based complaints"); *Rankin v. FPL Energy, LLC*, 266 S.W.3d 506, 509 (Tex. App.—Eastland 2008, pet. denied) ("Texas courts have not found a nuisance merely because of aesthetical based complaints."); *Jones v. Highland Memorial Park*, 242 S.W.2d 250, 253 (Tex. Civ. App.—San Antonio 1951, no writ) (rejecting aesthetical complaints of cemetery in neighborhood); *Shamburger v. Scheurrer*, 198 S.W. 1069, 1071 (Tex. Civ. App.—Fort Worth 1917, no writ) (rejecting aesthetical complaints of lumber yard in neighborhood).

Aesthetical complaints concern the loss of a desirable view on or across another land-owner's property. *See Rankin*, 266 S.W.3d at 512. "If Plaintiffs have the right to bring a nuisance action because a neighbor's lawful activity substantially interferes with their view, they have, in effect, the right to zone the surrounding property." *Id.* Accordingly, aesthetics are not relevant to a nuisance complaint. *See Ladd v. Silver Star I Power Partners, LLC*, No. 11-11-00188-CV, 2013 WL 3377290, at *3 (Tex. App.—Eastland 2013, pet. denied) (holding "as a matter of law aesthetic impact will not support a claim for nuisance"); *Jeansonne*, 2014 WL 4374118, at *12 (affirming trial court's rendition of summary judgment on nuisance claim based on aesthetics).

Likewise, there is a "well-established rule that a landowner may, in the absence of building restrictions or regulations, build on his property as he likes even if it obstructs a neighbor's light, air, or vision; depreciates the neighboring land's value; or the builder acts with improper motive." *Payne v. Edmonson*, No. 01-96-00792-CV, 1999 WL 350928, at *4 (Tex. App.—Houston [1st Dist.] June 3, 1999, pet. denied) (mem. op; not designated for publication); *accord Boys Town, Inc. v. Garrett*, 283 S.W.2d 416, 420–21 (Tex. Civ. App.—Waco 1955, writ ref'd n.r.e.); *Dall. Land & Loan Co. v. Garrett*, 276 S.W. 471, 474 (Tex. Civ. App.—Dallas 1925, no writ). "This has been the law, and it has been followed by an unbroken line of authorities." *Harrison v. Langlinais*, 312 S.W.2d 286, 288 (Tex. Civ. App.—San

Antonio 1958, no writ); *see also Scharlack v. Gulf Oil Corp.*, 368 S.W.2d 705, 707 (Tex. Civ. App.—San Antonio 1963, no writ) ("It is our opinion that the appellants have alleged nothing more than an interference with their view.").

Wester and Sullivan argue their claim is not based on aesthetics. They assert, "There is a difference between arguing a fence next door is 'ugly,' and claiming excessively tall construction blocks a desirable and economically beneficial view from a person's property." They cite no legal authority for this proposition. I find no justification for claiming that creating an ugly view is not actionable while blocking a pretty view is. In either situation, the complaint is about aesthetics, claiming a right to a particular view of property outside the plaintiffs' own property.

They argued at trial that the size of the Gulledges' boathouse was out of character with the neighborhood. This is an aesthetical claim. *See Serafine*, 2017 WL 2224528, at *5 (characterizing claim that fence was "out of scale to the property" as aesthetical complaint); *Champion Forest Baptist Church v. Rowe*, No. 01-86-00654-CV, 1987 WL 5188, at *2 (Tex. App.—Houston [1st Dist.] Jan. 8, 1987, no writ) (mem. op.; not designated for publication) (holding "conditions that annoy because they are disagreeable, unsightly, and undesirable are not nuisances").

Even if Wester and Sullivan were correct that their claims were not based on aesthetics, however, it is unquestionable that their complaints were based on their

views being blocked.  This is not actionable.  *See Payne*, 1999 WL 350928, at *4; *Scharlack*, 368 S.W.2d at 707.

Wester and Sullivan further argue that the line of cases excluding aesthetics as a basis for finding nuisance were overruled by *Crosstex*.  In *Crosstex*, the Supreme Court of Texas undertook the task of clarifying private nuisance law.  505 S.W.3d at 588.  The court affirmed the existing definition of a nuisance.  *Id.* at 593–94.  It clarified that a nuisance refers to a legal injury.  *Id.* at 594–95.  As a part of that legal injury, the court emphasized the need for substantial interference and unreasonable discomfort or annoyance to maintain a claim.  *Id.* at 595–96.  For "unreasonable discomfort or annoyance," the court emphasized that the inquiry is focused on the effect of the conduct, not the conduct itself, *id.* at 596–99; that the test is objective, *id.* at 599–600; and that numerous factors are considered in determining unreasonableness and substantial interference, *id.* at 600–01.  Next, the court clarified the distinctions between intentional nuisance, negligent nuisance, and strict-liability nuisance.  *Id.* at 601–09.  It noted that most of the considerations for nuisance are questions of fact.  *Id.* at 609.  "A court may decide the issues as a matter of law only if the underlying facts are undisputed or, in light of all the evidence, 'reasonable minds cannot differ.'"  *Id.*  Finally, the court discussed the type of remedies available for a claim based on nuisance.  *Id.* at 609–612.

Nowhere in the court's detailed review of nuisance law does the court mention nuisance claims based on aesthetics or claims based on a blocked view. Nor does it cite to the line of cases I have identified pertaining to aesthetics and blocked views. In addition, the court explained in *Crosstex* that the opinion was intended to clarify areas of nuisance law which have caused confusion. *See id.* at 591. There has been no confusion in Texas about whether aesthetical complaints can support a nuisance finding. Instead, Texas courts have consistently and uniformly held that they cannot. *See, e.g.*, *Serafine*, 2017 WL 2224528, at *5 (holding "'aesthetic' nuisance claims are not recognized in Texas"); *Jeansonne*, 2014 WL 4374118, at *8 (holding "Texas courts have not found a nuisance merely because of aesthetic-based complaints"); *Rankin*, 266 S.W.3d at 513 ("Because Texas law does not provide a nuisance action for aesthetical impact, the trial court did not err by granting FPL's motion for partial summary judgment and by instructing the jury to exclude from its consideration the aesthetical impact of the wind farm.").

Likewise, there is no confusion about whether a blocked view is actionable as a nuisance. *See Payne*, 1999 WL 350928, at *4 (recognizing well-established law that landowner can build on his property even if it blocks view of other landowners); *Harrison*, 312 S.W.2d at 288 (holding right to build upon land, even if it blocks view of others, is "one of the incidents of fee simple ownership"); *Scharlack*, 368 S.W.2d at 707 ("Under the rule recognized in this State, a building or structure cannot be

complained of as a nuisance merely because it obstructs the view of neighboring property"); *Boys Town*, 283 S.W.2d at 421 ("Our Supreme Court[] has not seen fit to disturb or modify the above rule, although it was written in 1860."); *cf. Dall. Land & Loan Co.*, 276 S.W. at 474 ("It is a matter of common knowledge that automobiles and garages, as ordinarily used by people the country over, are not, and do not by such use become, nuisances.").

Because I would hold that, as a matter of law, Wester's and Sullivan's claims are not actionable, I express no opinion on whether there is sufficient evidence to support such claims. Accordingly, I concur in the judgment.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Brown, and Caughey.

Justice Higley, concurring in the judgment.